**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PRESTON K. ATKINS,** ) | **CASE NO. 3:14 CV 215** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **NEIL TURNER,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Preston K. Atkins filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Atkins is currently incarcerated in the North Central Correctional Complex, having pled guilty on January 10, 2011 to Felonious Assault, Failure to Comply, Possession of Cocaine, Unauthorized Use of a Motor Vehicle, and Receiving Stolen Property. He asserts four grounds for relief in his Petition: (1) he was denied equal protection and due process and was subjected to double jeopardy when the trial court did not conduct an allied offenses hearing; (2) he was denied the effective assistance of trial counsel; (3) he was denied a timely appeal because the prison did not mail his Notice of Appeal within forty-eight hours of receiving it in the prison mail; and (4) he was denied access to the court because Ohio does not recognize the mailbox

rule established by the federal courts. For the reasons set forth below, the Petition is denied and this action is dismissed.

## I.  BACKGROUND

This Petition encompasses three separate criminal cases. First, Petitioner was indicted by the Sandusky County Grand Jury on September 30, 2009 on one count of Unauthorized Use of a Motor Vehicle in Case No. 09CR1012. He pled guilty to the charge on January 13, 2010. While awaiting sentencing, Petitioner was arrested on February 25, 2010 and charged with Receiving Stolen Property. He pled guilty to his new charge in Case No. 10CR291 on June 9, 2010. He was sentenced on both charges on August 18, 2010 to five years of community control supervision. He was notified that if he violated the terms of his community control, he would serve eleven months incarceration for Case No. 09CR1012, and seventeen months incarceration for Case No. 10 CR 291. These sentences would be served consecutively for an aggregate total of twenty-eight months incarceration. He did not appeal either of these convictions.

Petitioner was arrested in January 2011 and charged with Failure to Comply with the Order of a Police Officer, Possession of Cocaine, and Felonious Assault with a Weapon or Ordinance. He pled guilty to these charges in Case No. 11CR55 on January 26, 2011. At the same time, Petitioner was charged with community control violations in Case No. 09CR1012 and Case No. 10 CR 291. He was sentenced on the new charges and the community control violations on January 28, 2011. For Case No. 11CR55, he was sentenced to four years on Count One, two years on Count Two, and six months on Count Three. He was sentenced to eight months for the community control violation in Case No. 09CR1012 and to ten months for the community control violation in Case No. 10 CR 291. All sentences were ordered to be served

consecutively, for an aggregate total of eight years in prison.

One year and five months later, Petitioner filed a Motion for Leave to File a Delayed Appeal with the Ohio Sixth District Court of Appeals. He does not indicate the grounds he would have raised in this appeal. He states his appeal was delayed because his attorney refused to file it and he lacked the legal expertise to do it himself. The Court of Appeals found he did not provide a sufficient explanation for the more than one year delay, and denied the Motion on August 8, 2012.

Petitioner claims he attempted to appeal that decision to the Ohio Supreme Court. He states he deposited his appeal in the North Central Correctional Complex mailbox on September 17, 2012. He contends the prison mailroom is supposed to deliver outgoing legal mail within forty-eight hours but his appeal was not timely delivered. Instead, Petitioner filed a Motion for Delayed Appeal on December 20, 2012. That Motion was denied on February 6, 2013.

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 31, 2014. In the Petition, he asserts four grounds for relief:

> 1. The trial court denied Petitioner equal protection under the law, the right not to be held in double jeopardy, and due process of law under the United States Constitution Amendments V and XIV when the trial court did not hold an allied offenses hearing under R.C. § 2941.25(A) when Petitioner's offenses of felonious assault, failure to comply, and possession of cocaine all happened at the same time necessitating concurrent rather than consecutive sentences.
>
> 2. Petitioner was denied effective assistance of trial counsel under the United States Constitution Amendment VI for multiple failures of counsel to defend Petitioner.
>
> 3. Petitioner was denied a timely appeal when NCCC refused to mail his notice of appeal within 48 hours denying him due process

        of law under the XIV Amendment.

        4. Petitioner was denied access to court as Ohio does not recognize prison mailbox rule in violation of due process of law under the U.S. Constitution XIV Amendment.

Pet. ECF No. 1 at 5-9.

## II. LAW AND ANALYSIS

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court is presumed correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id*. at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

**Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

      To be properly exhausted, each claim must have been "fairly presented" to the state courts.  *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."  *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state

court. *Id.* This does not mean that the petitioner must recite "chapter and verse" of constitutional law, but the petitioner is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

**Exhaustion of State Court Remedies**

In this case, Petitioner acknowledged that he did not exhaust his state court remedies. He waited one year and five months from the date of his sentencing to file a direct appeal of his conviction and sentence, claiming his attorney refused to file the appeal and he lacked the legal skills to do it himself. The Ohio Court of Appeals concluded this explanation was not sufficient to excuse his very untimely filing. Thereafter, Petitioner was late in filing his appeal of that decision to the Ohio Supreme Court. Assuming that the federal court's "mailbox rule" applied to state courts as well, he placed his Notice of Appeal in the prison mail days before it was due to be filed in September 2012. The Ohio Supreme Court, however, does not recognize the mailbox rule and did not receive his appeal within the prescribed time for filing a timely appeal. Petitioner then waited another three months and filed a Motion for Delayed Appeal on December 20, 2012. The Ohio Supreme Court denied the Motion and dismissed the appeal on February 6, 2013. Petitioner's first and second claims were never considered on the merits by the Ohio courts.

In addition, Petitioners third and fourth grounds for relief challenge the prison's failure to process mail in an expeditious manner and the Ohio Supreme Court's refusal to apply the federal court's mailbox rule. He states these claims are unexhausted because they arose during

the appeals process.

**Procedural Default**

Where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to return to state court to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Where return to state court would be futile as no reasonable avenue of review remains open, the claims are considered to be procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989). The Ohio courts have already concluded that Petitioner did not present a sufficient reason to justify a delayed appeal. That avenue of relief has already been closed to him and it would be futile to order him to return to state court.

The Court therefore cannot proceed to the merits of the Petitioner's first and second grounds for relief because are procedurally defaulted. A claim is procedurally defaulted to bar habeas relief when: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the state courts actually enforced the state procedural sanction; and (3) the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). In this case, Petitioner waited well over one year before moving for delayed appeal pursuant to Ohio Appellate Rule 5(A). Both the Ohio Court of Appeals and the Ohio Supreme Court denied Petitioner's Rule 5(A) Motion as untimely. A petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as an adequate and independent state ground which forms the basis for a procedural default of a petitioner's habeas claims. *Stone v. Moore,* 644 F.3d 342, 347-49 (6th Cir. 2011). Petitioner's

failure to promptly file his direct appeal or his Rule 5(A) Motion constituted procedural default. This Court is therefore foreclosed from considering Petitioner's first and second habeas claims.

While Petitioner's third and fourth claims are also unexhausted, they are not cognizable in a habeas corpus petition. Habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). State prisoners may file a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge the fact of their convictions or the duration of their sentences. However, § 2254 is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his imprisonment is considered a "condition of confinement."

Petitioner's third and fourth grounds for relief relate to the conditions of his confinement. He objects to the fact that the prison did not deliver his legal mail within two days of placing it in the prison mail system. He also complains that the Ohio Supreme Court did not apply the federal court's "mail box rule." Neither of these claims challenges his conviction or his sentence. They therefore are not properly asserted in this habeas petition.

### III. CONCLUSION

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted, his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith,

and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

      IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATED: July 9, 2014