## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PRESTON K. ATKINS, | ) | CASE NO. 3:14-cv-215 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| NEIL TURNER, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Preston K. Atkins ("Atkins"), challenges the constitutionality of his conviction in the cases of *State v. Atkins*, Sandusky County Court of Common Pleas Case Nos. 09-CR-1012, 10-CR-291, and 11-CR-55.  (ECF No. 1.)  Atkins, *pro se*, filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on January 31, 2014.  On November 5, 2015, Warden Neil Turner ("Respondent") filed a Motion to Dismiss the petition as either time-barred or as presenting procedurally defaulted claims.  (ECF No. 15.)  Atkins filed a response on November 30, 2015.[1]  (ECF No. 18.)

Previously, on July 9, 2014, pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), the District Court conducted an initial review of the petition and dismissed it, finding claims one and two procedurally defaulted and claims three and four not cognizable on

---

[1] On December 10, 2015, Atkins filed a motion to authenticate expansion of the record. (ECF No. 20.)  As Atkins's petition is untimely, that motion is hereby DENIED as moot.

habeas review.  (ECF No. 4)  Atkins filed a Notice of Appeal on August 7, 2014.  (ECF No. 6.)

On January 9, 2015, the Sixth Circuit Court of Appeals granted a certificate of appealability ("COA") on the limited issue of whether the district court properly dismissed claims one and two of the petition as procedurally defaulted under Rule 4; the COA was denied with respect to grounds three and four.

On July 23, 2015, the Court of Appeals found that "[t]he district court prematurely dismissed Atkins's claims on procedural default grounds without giving him an opportunity to respond where it does not plainly appear from the petition that he will not be able to show cause and prejudice."   (ECF No. 9.)  On August 18, 2015, the Court of Appeals vacated and remanded the matter.  (ECF No. 10.)

On August 19, 2015, the matter was referred to this Court for the preparation of a report and recommendation.  (ECF No. 11.)  Thereafter, Respondent filed the aforementioned motion to dismiss.  (ECF No. 15.)

For reasons set forth in detail below, it is recommended that Atkins's petition be DISMISSED as time barred.

## I. Procedural History

**A.    Conviction**

On September 22, 2009, a Sandusky County Grand Jury charged Atkins with one count of unauthorized use of a motor vehicle in violation of Ohio Revised Code ("O.R.C.") § 2913.03(B), a felony of the fifth degree.  (ECF No. 15-1, Exh. 1.)  On January 13, 2010, Atkins admitted his guilt.  (ECF No. 15-1, Exh. 3.)

Prior to sentencing, Atkins was arrested on new charges.  (ECF No. 15-1, Exh. 4.)  On

-2-

April 1, 2010, in a Bill of Information, Atkins was charged with one count of receiving stolen property in violation of O.R.C. § 2913.51(A), a felony of the fourth degree.[2]  (ECF No. 15-1, Exh. 5.)  After initially pleading not guilty by reason of insanity (ECF No. 15-1, Exh. 9), Atkins changed his plea to guilty on June 9, 2010.  (ECF No. 15-1, Exh. 10.)

On August 17, 2010, Atkins was sentenced in both cases.  (ECF No. 15-1, Exhs. 11 & 12.)  In case No. 09-CR-1012, the unauthorized use of a motor vehicle, Atkins was sentenced to five years of community control,[3] 100 hours of community service, and ordered to pay restitution in the amount of $200.00 (ECF No. 15-1, Exh. 11.)  In case No. 10-CR-291, receipt of stolen property, Atkins was also sentenced to five years of community control,[4] 100 hours of community service, and ordered to pay restitution in the amount of $868.51.  (ECF No. 15-1, Exh. 12.)  The sentences were to be served consecutively in the event of a violation of community control.  (ECF No. 15-1, Exhs. 11 & 12.)

On January 10, 2011, a notice of violation issued setting forth three violations of community control.  (ECF No. 15-1, Exh. 13.)

On January 26, 2011, a new Bill of Information, 11-CR-55, charged Atkins with one count of felonious assault in violation of O.R.C. § 2903.11(A)(2)(D)(1)(a), a felony of the first degree; one count of failure to comply in violation of O.R.C. § 2921.331(B)(C)(5)(a)(ii), a felony of the third degree; and, one count of possession of cocaine in violation of O.R.C. §

---

[2]  Atkins consented to being tried on the Bill of Information.  (ECF No. 15-1, Exh. 8.)

[3]  In the event of a violation of his community control, Atkins would be sentenced to eleven (11) months in prison.  (ECF No. 15-1, Exh. 11.)

[4]  In the event of a violation of his community control, Atkins would be sentenced to seventeen (17) months in prison.  (ECF No. 15-1, Exh. 12.)

2925.11(A)(C)(4)(a), a felony of the fifth degree.  (ECF No. 15-1, Exh. 14.)  On January 26, 2011, Atkins entered a plea of guilty to all charges.  (ECF No. 15-1, Exh. 16.)

On January 26, 2011, in case number 11-CR-55, Atkins was sentenced to four years in prison for felonious assault, two years for failure to comply, and six months for possession of cocaine.  (ECF No. 15-1, Exh. 17.)  The sentences were to be served consecutively for an aggregate term of six years and six months.  *Id.*  In case number 09-CR-1012, Atkins was sentenced to eight months in prison, and, in case number 10-CR-291, ten months in prison.  *Id.* The sentences were to be served consecutively to one another and to the sentence in 11-CR-55, for an aggregate term of eight years.  *Id.*

**B.    Delayed Appeal**

On June 6, 2012, Atkins, *pro se*, filed a Notice of Appeal with the Court of Appeals for the Sixth Appellate District ("state appellate court"), a motion for leave to file a delayed appeal, and, a motion for preparation of a transcript of proceedings at the State's expense.  (ECF No. 15-1, Exhs. 20-22.)

On August 8, 2012, the state appellate court denied leave to file a delayed appeal noting that Atkins had not set forth sufficient reasons for his more than one-year delay pursuant to Ohio App. R. 5(A).  (ECF No. 15-1, Exh. 23.)

On December 20, 2012, Atkins filed a notice of appeal and motion for delayed appeal with the Supreme Court of Ohio.[5]  (ECF No. 15-1, Exh. 25 & 26.)  On February 6, 2013, the Supreme Court of Ohio denied leave and dismissed the appeal.  (ECF No. 15-1, Exh. 27.)

---

[5]  In his motion, Atkins claims he deposited his notice of appeal with the prison mail system on September 17, 2012    7 days before the September 24, 2012 deadline.  (ECF No. 15-1, Exh. 26.)

C.  **Federal Habeas Petition**

On January 31, 2014,[6] Atkins, *pro se*, filed a Petition for Writ of Habeas Corpus and

asserted the following grounds for relief:

> **GROUND ONE**: The trial court denied Petitioner equal protection under the law,
> the right not to be held in double jeopardy, and due process of law under the
> United States Constitution Amendments V & XIV when it did not conduct an
> allied offenses hearing under R.C. 2941.25(A).
>
> **Supporting Facts**: Petitioner was denied equal protection under the law, the right
> not to be held in double jeopardy, and due process of law under United States
> Constitution Amendments V & XIV when the trial court did not hold an allied
> offenses hearing under R.C. 2941.25(A) when Petitioner's offenses of felonious
> assault, failure to comply, and possession of cocaine all happened at the same time
> necessitating concurrent rather than consecutive sentences.
>
> **GROUND TWO**: Petitioner was denied effective assistacne [sic] of trial counsel
> under the United States Constitution Amendment VI for multiple failures of
> counsel to defend Petitioner.
>
> **Supporting Facts**: Trial counsel, Cynthia A. Doss, should have excluded herself
> from Case No. 11 CR 0055 as her daughter, Tricia Doss, was involved in the prior
> Case No. 10 CR 291.  Ms. Doss also did not interview 2 key defense witnesses,
> Selina & Lori Walker, Petitioner's sister & mother who could have provided key
> defense evidence.  Trial counsel also failed to object to the lack of an allied
> offenses hearing.
>
> **GROUND THREE**: Petitioner was denied a timely appeal when the NCCC
> refused to mail his notice of appeal within 48 hours denying him due process of
> law under the XIV Amendment.

---

[6]  Atkins asserts that he placed his habeas petition in the prison mailing system on January
27, 2014.  (ECF No. 1 at 13.)  Under the prison mailbox rule, as articulated by the
Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), a *pro se* prisoner's notice
of appeal will be considered timely if given to prison officials for mailing prior to the
filing deadline, regardless of when the court itself sees the documents.  The *Houston*
court adopted the prison "mailbox" rule because it recognized the fact that prisoners
cannot take the steps available to other litigants to monitor the processing of filings with
the court.  As such, the Court will consider January 27, 2014 the filing date for statute of
limitations purposes.

***Supporting Facts***: Petitioner deposited his notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court on 09-17-2012[,] 7 days before the deadline of 09-24-2012, but the mailroom at NCCC violated their own policy and did not mail out this legal mail within 48 hours of being deposited in the prison mailing system resulting in Petitioner being denied a timely appeal.

**GROUND FOUR**: Petitioner was denied access to court as Ohio does not recognize prison mailbox rule in violation of due process of law under the U.S. Constitution XIV Amendment.  Ohio does not recognize the federal prison mailbox rule.  Therefore by holding that prisoner filings are complete when filed with the clerk of court it rewards the incompetence of prison mailrooms like NCCC's that routinely do not mail our prisoner legal mail within 48 hours of its delivery into prison mailing system, thus encouraging prison mailrooms not to timely mail out prisoner filings so these can be denied as untimely, not on the merits.

(ECF No. 1.)

The Respondent asserts that grounds three and four have already been dismissed as non-cognizable by the District Court, and that such finding was unaffected by the Court of Appeals' decision.  (ECF No. 15 at 8.)  This Court agrees.  On July 9, 2015, the District Court found as follows:

While Petitioner's third and fourth claims are also unexhausted, they are not cognizable in a habeas corpus petition.  Habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  State prisoners may file a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge the fact of their convictions or the duration of their sentences.  However, § 2254 is not available to review questions unrelated to the cause of detention.  *Martin*, 391 F.3d at 714.  Prisoners challenging the conditions of their confinement must do so through a civil rights action.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).  Virtually every aspect of a prisoner's daily life that does not affect the duration of his imprisonment is considered a "condition of confinement."

Petitioner's third and fourth grounds for relief relate to the conditions of his confinement.  He objects to the fact that the prison did not deliver his legal mail within two days of placing it in the prison mail system.  He also complains that the Ohio Supreme Court did not apply the federal court's "mail box rule."  Neither of these claims challenges his conviction or his sentence.  They therefore

-6-

are not properly asserted in this habeas petition.

(ECF No. 4 at 10.)

The Court of Appeals granted in part and denied in part Atkins's request for a certificate of appealability ("COA").  (ECF No. 8.)  It expressly stated that "[t]he COA application is denied with respect to claims three and four."  *Id*.  As such, the determination that dismissed grounds three and four are non-cognizable remains in force.  Therefore, the Court will only address the statute of limitations issue with respect to grounds one and two.

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

## A.    One-Year Limitation

In the instant action, Respondent asserts that Atkins's petition is time-barred because he did not file within the one-year limitations period.  (ECF No. 15.)  Respondent contends that Atkins's conviction became final on Friday, February 25, 2011, thirty (30) days after sentencing when he failed to file a timely notice of appeal pursuant to Ohio App. R. 4(A).  *Id*. at 10.  The Court agrees. As such, the statute of limitations commenced running the next day, on February 26, 2011 and, absent any tolling, expired one year later    no later than February 27, 2012.[7]

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."  *Id.*  Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)."  *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S.

---

[7]  February 26, 2012, fell on a Sunday.

-8-

408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009).  A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling.  *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, Atkins did not file anything in state court until his June 6, 2012 motion for delayed appeal.  (ECF No. 15-1, Exh. 20.)  However, by that point, the statute of limitations had already expired several months earlier.  As such, that filing and any subsequent filings had no tolling effect.

Therefore, unless equitable tolling is appropriate or Atkins is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.    Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

-9-

Atkins first two grounds for relief, the only grounds remaining for the Court's consideration, are both based on alleged facts that would have been apparent before Atkins's conviction became final on February 25, 2011.  The first ground for relief centers on the sentencing court's failure to hold an allied offenses hearing.  (ECF No. 1.)  Atkins cannot reasonably argue that he was unaware that such a hearing had not occurred.  The second ground for relief alleges the ineffectiveness of trial counsel, specifically her failure to interview Atkins's sister and mother.  *Id*.  Again, Atkins surely knew long before February 25, 2011, whether his attorney spoke to his family members, or should have known had he exercised due diligence.

## C.  Equitable Tolling

The Court also finds that equitable tolling is not appropriate.  Atkins did raise a tolling argument in his Traverse after Respondent advanced the statute of limitations defense.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable).  In order to be entitled to equitable tolling, Atkins must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of the habeas petition *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "However, the doctrine of equitable tolling is used sparingly by federal courts."  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).

Here, Atkins asserts that he attempted to appeal the denial of his motion for delayed appeal with the Supreme Court of Ohio in a timely manner, but was prevented from doing so by circumstances beyond his control.  (ECF Nos. 1, 18.)  He avers that he submitted his legal documents to the prison mail system seven days before a timely appeal was due, but that the prison failed to mail those documents according to their own protocol, which is within 48-hours.  (ECF

-10-

No. 18 at 1.)  Atkins, however, fails to account for the fact that the statute of limitations had expired long before any of these events transpired.  Notably, he offers little explanation as to why he took no action until approximately fifteen months after his conviction became final.  Moreover, he has not identified any extraordinary circumstances that prevented him from timely filing his *federal habeas petition*  as opposed to his appeal to the Supreme Court of Ohio.  (ECF No. 18.)

First, the Court declines to find that Atkins had been pursuing his rights diligently.  It bears emphasizing that Atkins took no action whatsoever from the time of his sentencing, January 26, 2011, until his motion for delayed appeal was filed on June 6, 2012    a time-span of 497 days (one year, four months, and eleven days).  The Sixth Circuit has held that excessive delays in filing shows a lack appropriate diligence.  *See e.g. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012).  A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

Atkins's argument is essentially that he was diligent in appealing to the Ohio Supreme Court, and that the prison mail system's alleged failure should excuse the long periods of time where he took no action.  A similar argument was rejected by a district court from the Southern District of Ohio:

> Petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief prior to the expiration of the limitations period. Although petitioner attempts to demonstrate his diligence in filing his appeal to the Ohio Supreme Court despite limited access to the prison law library (See Doc. 1, Attachment A), a showing of diligence at the state level is insufficient to warrant equitable tolling.

*Wyatt v. Warden, Warren Corr. Inst.*, No. 1:13-CV-28, 2013 WL 6008691, at *4 (S.D. Ohio Nov. 13, 2013) *report and recommendation adopted*, No. 1:13-CV-28, 2013 WL 6388559 (S.D. Ohio Dec. 6, 2013); *see also McCoy v. Sheets*, 2011 U.S. App. LEXIS 26710 at **4-5 (6th Cir. Oct. 18, 2011) ("McCoy has not shown an extraordinary circumstance that prevented timely filing of his *federal habeas petition*.") (emphasis added).

Before the state courts, Atkins did claim that he was not timely because he was imprisoned with limited access to the law library, all after his trial counsel indicated she would not represent him on appeal. (ECF No. 15-1, Exh. 22.) Atkins's allegedly limited access to the law library and other legal materials, even if more restrictive than at other institutions, does not entitle him to equitable tolling. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("[Petitioner's] inability to access the transcript of his trial is unfortunate. But it is not enough, even in combination with his pro se status and limited law-library access, to warrant the equitable tolling of AEDPA's limitations period."); *accord Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) ("Generally, to qualify as 'extraordinary circumstances,' the petitioner must show more than just his status as *pro se* or his limited access to a law library."); *Hawkins v. Warden, Ross Corr. Inst.*, 2015 U.S. Dist. LEXIS 30173 (S.D. Ohio Mar. 11, 2015) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials together or alon[e] do not provide a sufficient justification to apply equitable tolling of the statute of limitations."); *Thomas v. Tibbals*, 2014 U.S. Dist. LEXIS 135813 (N.D. Ohio Sept. 3, 2014); *Gonzalez v. United States*, 918 F. Supp. 2d 287, 290 (D. Del. 2013) ("a prisoner's limited access to a law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a causal relationship between the limited library access and the prisoner's

-12-

late filing.")  In addition, the state court's judgment entry from January 26, 2011 unequivocally states that Atkins was advised that he did have a limited right of appeal from his plea; that notice of appeal had to be filed within thirty days; and, that he would be appointed appellate counsel if found indigent.  (ECF No. 15-1, Exh. 19 at 2.)

The Court finds that Atkins has failed to demonstrate that he was pursuing his rights diligently, and also failed to identify any extraordinary circumstances that prevented the timely filing of his habeas petition.  Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

**D.    Actual Innocence**

In *McQuiggan v. Perkins*,        U.S.        , 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1).  *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence    whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence    that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggan*, 133 S.Ct. at 1928 (quoting *Schlup,* 513 U.S. at 329).  In making

-13-

this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Atkins argues that he is actually innocent because "there is no evidence of the necessary element of serious physical harm committed against the police officers." (ECF No. 18 at 3.) Atkins was convicted of felonious assault in violation of O.R.C. § 2903.11(A)(2). (ECF No. 15-1, Exh. 17.) In relevant part, the felonious assault statute states as follows:

> (A) No person shall knowingly do ***either*** of the following:
>
> > (1) Cause serious physical harm to another or to another's unborn;
> >
> > (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

O.R.C. § 2903.11 Felonious assault (emphasis added).

Atkins was convicted under (A)(2), which does not require "serious physical harm." In fact, (A)(2) does not necessarily require any evidence of harm, serious or otherwise, as it also criminalizes an *attempt* to cause physical harm to another by means of a deadly weapon or dangerous ordnance. Count One of the Bill of Information specifically reads as follows: "[Atkins] did knowingly cause or attempt to cause physical harm by means of a deadly weapon or dangerous ordinance [sic], to wit: did attempt to strike Clyde Police Officers D. Shell and N. Smith with a 2000 Mitsubishi Eclipse."[8] (ECF No. 15-1.) Therefore, assuming *arguendo* that Atkins could

---

[8] Numerous Ohio cases have found that attempting to hit an individual with a motor vehicle satisfies the deadly weapon element of felonious assault under 2903.11(A)(2). *See, e.g., State v. Foster*, 60 Ohio Misc. 46, 66, 396 N.E.2d 246, 259 (Com. Pl. 1979) ("An automobile, when used in a manner likely to produce death or great bodily harm, can be classified as a 'deadly weapon' under R.C. 2903.11(A)(2)..."); *accord State v. Troyer*, No. 61983, 1993 WL 95544 at *5 (Ohio Ct. App. Apr. 1, 1993); *State v. Anderson*, 2009-Ohio-3900 at ¶57, 183 Ohio App. 3d 522, 534, 917 N.E.2d 843, 852 (defendant's attempts to harm five peace officers with his car during a high-speed

-14-

provide the Court with new, reliable evidence that the police officers did not suffer any serious physical harm, such evidence would not establish that Atkins was innocent of the crimes of which he was convicted.

Thus, the Court finds Atkins's untimeliness cannot be excused under the actual innocence exception.

### III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ Greg White
U.S. Magistrate Judge

Date: February 9, 2016

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

sufficient to support a conviction of felonious assault), *rev'd on other grounds*, 2010-Ohio-1109 at ¶3, 124 Ohio St. 3d 513, 924 N.E.2d 366 (Ohio 2010).

-15-