**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PRESTON K. ATKINS,** ) | **CASE NO. 3:14CV215** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **NEIL TURNER, Warden, et al.,** ) | **MEMORANDUM OF OPINION** |
| ) | |
| ) | |
| Respondents. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Preston K. Atkins' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). Respondent filed a Motion to Dismiss. (ECF#15). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

On September 22, 2009, a Sandusky County Grand Jury charged Petitioner with one count of Unauthorized Use of a Motor Vehicle. On January 13, 2010, Petitioner pled guilty. Prior to sentencing, Petitioner was arrested on new charges of Receiving Stolen Property. Petitioner changed his plea to guilty on June 9, 2010. On August 17, 2010, Petitioner was sentenced to the following: for the Unauthorized Use of a Motor Vehicle, five years of Community Control, 100 hours of community service and restitution in the amount of $200.00; in the case for Receipt of Stolen Property, five years of Community Control, 100 hours of community service and restitution in the amount of $868.51. The sentences were to be served consecutively in the event of a violation of Community Control.

On January 26, 2011, a new Bill of Information charged Petitioner with one count of Felonious Assault, one count of Failure to Comply and one count of Possession of Cocaine. On January 26, 2011, Petitioner entered a plea of guilty to all charges. On January 26, 2011, Petitioner was sentenced to four years in prison for Felonious Assault, two years for Failure to Comply and six months for Possession of Cocaine. The sentences were to be served consecutively for an aggregate term of six years and six months. For his previous cases, Petitioner was sentenced to eight months in prison and ten months in prison respictively, to be served consecutively to one another and to the sentence in the new case, for an aggregate term of eight years.

On June 6, 2012, Petitioner filed a Notice of Appeal with the Court of Appeals for the Sixth Appellate District, a Motion for Leave to File a Delayed Appeal and a Motion for Preparation of a Transcript of Proceedings at the State's Expense. On August 8,

2

2012, the Court of Appeals denied leave to file a delayed Appeal.  On December 20, 2012, Petitioner filed a Notice of Appeal and Motion for Delayed Appeal with the Supreme Court of Ohio.  On February 6, 2013, the Supreme Court of Ohio denied leave and dismissed the Appeal.

On January 31, 2014, Petitioner filed a Petition for Writ of Habeas Corpus asserting four Grounds for Relief.  Previously, on July 9, 2014, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted an initial review of the Petition and dismissed it, finding Grounds One and Two procedurally defaulted and Grounds Three and Four not cognizable on habeas review.   Petitioner filed a Notice of Appeal on August 7, 2014.  On January 9, 2015, the Sixth Circuit Court of Appeals granted a Certificate of Appealability ("COA") on the limited issue of whether the district court properly dismissed claims One and Two of the Petition as procedurally defaulted under Rule 4; the COA was denied with respect to grounds Three and Four.  On August 18, 2015, the Court of Appeals vacated and remanded the matter.

On August 19, 2015, the matter was referred to the Magistrate Judge for the preparation of a Report and Recommendation.  Thereafter, Respondent filed the aforementioned Motion to Dismiss. The Magistrate Judge issued his Report and Recommendation on February 9, 2016.  On February 22, 2016,  Petitioner filed a Response to Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law

3

as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent asserts that grounds Three and Four have already been dismissed as non-cognizable by the Court and that such finding was unaffected by the Court of Appeals' decision. Therefore, the Magistrate Judge correctly only addressed the statute of limitations issue with respect to grounds One and Two.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337

4

(1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on Collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The Magistrate Judge agreed with Respondent that Petitioner's Petition is time-barred because he did not file within the one-year limitations period. Petitioner's conviction became final on Friday, February 25, 2011, thirty days after sentencing when he failed to file a timely Notice of Appeal pursuant to Ohio App. R. 4(A). The Court agrees. As such, the statute of limitations commenced running the next day, on February 26, 2011 and absent any tolling, expired one year later on February 27, 2012.

5

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review ... is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.* Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cvl168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a

6

petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

The Magistrate Judge correctly points out that Petitioner did not file anything in state court until his June 6, 2012 Motion for Delayed Appeal and by that point, the statute of limitations had already expired several months earlier. Therefore, that filing and any subsequent filings had no tolling effect. Petitioner does not challenge the Magistrate Judge's determination that the Petition is untimely and should be dismissed. Rather, in Petitioner's Response to Report and Recommendation, he contends that he is actually innocent of the charges and that fact overcomes the expiration of the AEDPA's statute of limitations.

In *McQuiggan v. Perkins*, U.S., 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244( d)(l). *Id.* at 1931. Petitioner claims that he is innocent because it was not possible for him to flee a police officer while at the same time assault said officer with a motor vehicle, which would make him innocent of the Felonious Assault and Failure to Comply. The Court finds that argument utterly without merit. For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

7

Petitioner has failed to provide the Court with any new, reliable evidence of any kind that would support a claim of actual innocence. Therefore, the Court agrees with the Magistrate Judge that Petitioner's untimeliness cannot be excused under the actual innocence exception.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as time barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:3/9/2016

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge